UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ERWIN FERNANDO CALDERON,
and FELIPE RODRIGUEZ, on behalf of themselves
and all others similarly-situated,

                                                Docket No.:
                                                14-cv-02616 (PKC)(RML)

                Plaintiffs,

   -against-

MULLARKEY REALTY, LLC, DENIS
P. MULLARKEY LLC, and DENIS P.
MULLARKEY, in his individual and
Professional capacities

        Defendants.
------------------------------------------------------------------x

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION PURSUANT TO FED. R. CIV. P. 56
FOR PARTIAL SUMMARY JUDGMENT**

*Of counsel*
Joseph M. Labuda
Matthew A. Brown

**MILMAN LABUDA LAW GROUP PLLC**
**\*   \*   \*   \***
**3000 MARCUS AVE., SUITE 3W8**
**LAKE SUCCESS, NY 10042**
**(516) 328-8899**

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................ 1

**SUPPLEMENTAL FACTS** ...................................................................................................... 2

**ARGUMENT**............................................................................................................................. 5

    **POINT I**
    **THE FAITHLESS SERVANT DOCTRINE REQUIRES DISGORGEMENT OF ALL**
    **WAGES DURING THE PERIOD OF DISLOYALTY** ..................................................... 5

    **POINT II**
    **RES JUDICATA AND COLLATERAL ESTOPPEL BAR CALDERON'S**
    **UNPAID WAGE CLAIMS** ................................................................................................ 6

    **POINT III**
    **THE JURY VERDICT ESTABLISHES THAT THE NYS ACTION WAS NOT**
    **BASELESS** ........................................................................................................................ 11

**CONCLUSION** ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

Art Capital Group, LLC v. Rose, 2017 N.Y. App. Div. LEXIS 2670 (N.Y. App. Div. 1st Dep't Apr. 6, 2017) ................................................................................................................. 5
Beltran v. Brentwood N. Healthcare Ctr., LLC, 426 F.Supp.2d 827, 833-835 (N.D.I11.2006)... 11
Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988) ............................................... 1, 5
Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir. 1996) ............................................................. 8, 9
Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995) ......................................................................................................................... 9
City of Binghamton v. Whalen, 141 A.D.3d 145 (N.Y. App. Div. 3d Dep't 2016) ........................ 6
City of New York v. Welsbach Elec. Corp., 9 N.Y.3d 124 (N.Y. 2007) .................................. 9, 10
Consolidated Edison Co. v. Zebler, 40 Misc. 3d 1230(A), 1230A (N.Y. Sup. Ct. Aug. 20, 2013) 5
Denis P. Mullarkey LLC v. Erwin Fernando Calderon, Index No. 704927/2014 ........................ 2
Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 195 (2d Cir. 2010) ......... 8, 9
Eng-Hatcher v. Spring Nextel Corp., 2008 U.S. Dist LEXIS 92559 (S.D.N.Y. Oct. 31, 2008) .... 11
Ergo v. International Merchance Servs., Inc., 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007) ........... 11
Falardo v. N.Y. City Police Dep't, 566 F. Supp. 2d 283, 285 (S.D.N.Y. 2008) ............................ 7
Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928, 928-29 (1977) .......................................................... 6
Giannone v. York Tape & Label, Inc., 548 F.3d 191, 193 (2d Cir. 2008) ..................................... 7
Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 535 (5th Cir. 1978) ..... 8, 9
Libreros v Gallo, 2016 N.Y. Misc. LEXIS 4642, 2 (N.Y. Sup. Ct. Dec. 13, 2016) ................... 5, 6
Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) ............................................... 7, 8
Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 107 (2d Cir. 2015) . 6, 7
Marchuk v. Faruqi & Faruqi, LLP, 100 F. Supp. 3d 302, 311-312, 2015 U.S. Dist. LEXIS 9806, *14-16 (S.D.N.Y. Jan. 28, 2015) ................................................................................. 11
Markbreiter v. Feinberg, 2010 U.S. Dist. LEXIS 7549, *4 (S.D.N.Y. Jan. 29, 2010) ................... 6
Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) .................................... 7, 10
Murray v. Beard, 102 N.Y. 505, 508 (1886) .................................................................................. 5
Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 347, 712 N.E.2d 647, 690 N.Y.S.2d 478 (N.Y. 1999) ............................................................................................................... 7, 10
RSSM CPA LLP v. Bell, 2017 N.Y. Misc. LEXIS 40 (N.Y. Sup. Ct. Jan. 6, 2017) ..................... 5
Samba Enters., LLC v. iMesh, Inc., 2009 U.S. Dist. LEXIS 23393, 2009 WL 705537, *9 (S.D.N.Y. Mar. 19, 2009) ........................................................................................... 5
Schwartz v. HSBC Bank USA, N.A., 2016 U.S. Dist. LEXIS 16175, 2016 WL 552957, at *6 (S.D.N.Y. Feb. 9, 2016) ............................................................................................. 9
Sokoloff v. Harriman Estates Dev. Corp., 96 N.Y.2d 409, 416, 754 N.E.2d 184, 729 N.Y.S.2d 425 (2001) ................................................................................................................... 5
Taylor v. Sturgell, 553 U.S. 880, 892 (2008) ................................................................................ 7
TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) ........................................ 7
Thomas v. New York City Dep't of Educ., 2011 U.S. Dist. LEXIS 32801 *58 (E.D.N.Y. Mar. 28, 2011) ................................................................................................................... 10
Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 474 (S.D.N.Y. 2008) ..................... 11
W&D Imps., Inc. v. Lia, 563 Fed. Appx. 19, 23 (2d Cir. 2014) .................................................. 10

**Statutes**
Fed. R. Civ. P. 56 .......................................................................................................................... 2
Fed.R.Civ.P. 56 (1) ....................................................................................................................... 2

## **PRELIMINARY STATEMENT**

Erwin Fernando Calderon ("Calderon") shook down tenants in order for them to be able to rent apartments. Tenants had to pay Calderon money in order to rent an apartment in Defendants' buildings. Calderon's conduct was illegal and Denis P. Mullarkey LLC filed an action against him for breach of duty of loyalty and violation of the "faithless servant" doctrine in New York State Supreme Court, Queens County.

On May 26, 2017, a New York State jury rendered a verdict that Calderon was a "faithless servant" from 1988 until the end of his employment with Defendants as a superintendent in 2013 based on his improper conduct of taking "key money" from tenants. This verdict required Calderon to disgorge all wages earned during that period of disloyalty which encompasses the time period of Calderon's instant wage claims.

As a result, the jury verdict bars Calderon's claims for unpaid wages here pursuant to res judicata and collateral estoppel. Specifically, as a "faithless servant," Calderon is now required to disgorge all wages and forfeit all claims for wages sought in this action. Therefore, his instant unpaid wage claims must be dismissed as any money awarded here would be subject to disgorgement.

Similarly, Calderon's retaliation claims (i.e. 6th and 7th Causes of Action) asserting that the lawsuit filed against him for, *inter alia*, breach of duty of loyalty and violation of the "faithless servant" doctrine was baseless and brought in retaliation for bringing wage claims must equally fail. Calderon's conduct was illegal and Denis P. Mullarkey LLC filed an action against him based on his disloyalty in New York Supreme Court, Queens County. Ultimately, that action was meritorious – far from "baseless." In its verdict, the jury awarded over $275,000 in compensatory damages as a result of Calderon's consistent illegal collection of "key money"

for the majority of his thirty (30) years of employment with Defendants. As a result, Calderon's retaliation claims must also be dismissed.

Accordingly, Defendants Denis P. Mullarkey LLC ("Mullarkey LLC") and Denis P. Mullarkey ("Mullarkey"), (collectively "Defendants") respectfully submit this supplemental memorandum of law in support of their Motion for Partial Summary Judgment pursuant to Fed.R.Civ.P. 56 (1) dismissing Calderon's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") wage claims since he was a "faithless servant" (2) dismissing Calderon's retaliation claims and (3) for such other relief as the Court may deem just and proper.[1]

## SUPPLEMENTAL FACTS

Calderon worked at 89-07 and 89-21 169th Street, Queens, New York 11432 (collectively the "Buildings") as the superintendant from in or around August 1983 until July 22, 2013. (SMF 10/14/16, ¶¶s 1, 3, 47-50). In or around May 2014, Mullarkey received numerous complaints about Calderon's unauthorized collection of "key money" (i.e. illegal kickbacks). (SMF 10/14/16, ¶ 69). Specifically, Calderon demanded "key money" from tenants and/or prospective tenants to obtain and/or transfer to a new apartment in the Buildings. (SMF 10/14/16, ¶ 69). This practice by Calderon was rampant in the Buildings.

As a result, on July 15, 2014, Mullarkey LLC filed a complaint in New York State Supreme Court, County of Queens entitled <u>Denis P. Mullarkey LLC v. Erwin Fernando Calderon</u>, Index No. 704927/2014 ("NYS Action") which included causes of action for *inter alia*, breach of duty of loyalty and violation of the faithless servant doctrine. (SMF 10/14/16, ¶ 70, Supplemental SMF 8/4/17, ¶ 1).

---

[1] Defendants incorporate all applicable facts and arguments asserted in their Motion for Summary Judgment and Rule 56.1 Statement of Facts. This memorandum of law and supporting papers shall serve to supplement the original Motion for Summary Judgment.

2

On February 2, 2017, Calderon filed a motion for summary judgment in the NYS Action. (Supplemental SMF 8/4/17, ¶ 2). On May 3, 2017, the court denied Calderon's motion for summary judgment. (Supplemental SMF 8/4/17, ¶ 2).

On May 10, 2017, the trial commenced in the NYS Action. (Supplemental SMF 8/4/17, ¶ 3). At trial, six (6) tenants testified that Calderon would not permit them to rent their apartment and/or transfer apartments unless they gave him extra "key money" ranging between $300 and $1,250 in cash. (Supplemental SMF 8/4/17, ¶¶s 4-5). The following tenants testified about having to give Calderon "key money" to get an apartment:

- Marta Quinonez: paid a total of $1,850 in "key money" to move in and transfer apartments ($1,250 move-in on April 7, 2014 + $600 transfer on November 20, 2010);
- Mohammed Hoque: paid a total of $1,200 in "key money" to move in and transfer apartments ($900 move-in on February 19, 2010 + $300 transfer on December 27, 2010);
- Muhibul Alam: paid $700 in "key money" to move in on February 18, 2011;
- Hassan Mainul: paid $700 in "key money" to move in on January 2, 2012;
- Priscilla Paredes: paid $800 in "key money" to transfer apartments on April 24, 2013;
- Ana Valentin: paid a total of $1,130 in "key money" to move in and transfer apartments ($525 move-in on September 7, 1988 + $605 transfer on September 1, 1990)

(Supplemental SMF 8/4/17, ¶ 5). These tenants were all immigrants from South America or Bangladesh with low-paying jobs such as at McDonald's. (Supplemental SMF 8/4/17, ¶ 6). Calderon took advantage of these tenants for his own pecuniary gain in violation of his duty of loyalty to Defendants to not take advantage of their tenants by demanding "key money" in order to get an apartment. At trial, Calderon denied these tenant accusations, testifying that he only took money from tenants to fix their apartments. (Supplemental SMF 8/4/17, ¶ 7). The jury did not believe Calderon. (Supplemental SMF 8/4/17, ¶¶s 10-13).

In charging the jury, Justice Leslie J. Purificacion instructed the jury, *inter alia*, that

> If you find that defendant breached his duty of loyalty you must then determine the date of the first disloyal act. Next, you must determine the amount of compensation defendant received from that date to the last date of his employment. Those items include the total salary he received, as well as any other forms of compensation.

(Supplemental SMF 8/4/17, ¶ 8).[2]

On May 26, 2017, the jury returned a verdict in favor of Mullarkey LLC that Calderon breached his duty of loyalty as a "faithless servant" by collecting "key money" from tenants during his employment as a superintendent from September 1988 through 2013. (Supplemental SMF 8/4/17, ¶ 11). During deliberations, the jury submitted a note stating that they determined 1988 to be the year Calderon first breached his duty of loyalty, but stating that they could not calculate compensation for the years covering 1988 until 2008 because there was no documentation regarding compensation paid to Calderon during those years. (Supplemental SMF 8/4/17, ¶10). As a result, the jury awarded damages in the amount of $276,044.98 including repayment of "key money" to the six (6) tenants who testified (spanning from 1988 to 2013) and all compensation paid to Calderon from the date of his breach of duty of loyalty to the last date of his employment (i.e. regular salary, bonuses, retirement benefit contributions, free rent, electricity costs, gas costs, and health care premiums) based on the documentary evidence. (Supplemental SMF 8/4/17, ¶¶s 12-13).[3]

After the jury rendered its verdict, Calderon moved for a judgment notwithstanding the verdict which was denied by Justice Purification. (Supplemental SMF 8/4/17, ¶ 14). On June 5,

---

[2] He further stated that the jury could not speculate as to damages and had to rely on the documentary evidence and testimony presented at trial. (Supplemental SMF 8/4/17, ¶ 9).

[3] Based on the testimony at trial to which the parties stipulated, the jury awarded all testifying tenants full reimbursement of the "key money" they claimed was paid to Calderon. (Supplemental SMF 8/4/17, ¶ 13).

2017, the Queens County Clerk entered a "True Extract of the Record" summarizing the jury verdict. (Supplemental SMF 8/4/17, ¶ 15).

**ARGUMENT**

**POINT I**
**THE FAITHLESS SERVANT DOCTRINE REQUIRES DISGORGEMENT OF ALL WAGES DURING THE PERIOD OF DISLOYALTY**

New York's strict application of the faithless servant doctrine "mandates the forfeiture of all compensation . . . where . . . one who owes a duty of fidelity to a principal is faithless in the performance of his services." Art Capital Group, LLC v. Rose, 2017 N.Y. App. Div. LEXIS 2670 (N.Y. App. Div. 1st Dep't Apr. 6, 2017) (citations omitted).

Here, Calderon makes a claim for unpaid wages from April 2008 through November 2013.[4] The NYS Action jury verdict holding that he was a "faithless servant" covers a longer period (i.e. September 1988 until the end of his employment as a superintendent on or about July 22, 2013). Accordingly, Calderon must disgorge any compensation provided during his employment, or would otherwise be entitled to for that period (i.e. the unpaid wages he is allegedly owed here). Samba Enters., LLC v. iMesh, Inc., 2009 U.S. Dist. LEXIS 23393, 2009 WL 705537, *9 (S.D.N.Y. Mar. 19, 2009) citing Sokoloff v. Harriman Estates Dev. Corp., 96 N.Y.2d 409, 416, 754 N.E.2d 184, 729 N.Y.S.2d 425 (2001); ; RSSM CPA LLP v. Bell, 2017 N.Y. Misc. LEXIS 40 (N.Y. Sup. Ct. Jan. 6, 2017) (internal citations omitted); Consolidated Edison Co. v. Zebler, 40 Misc. 3d 1230(A), 1230A (N.Y. Sup. Ct. Aug. 20, 2013) citing Murray v. Beard, 102 N.Y. 505, 508 (1886) (a violation of the faithless servant doctrine requires forfeiture any right to compensation for services); see also Libreros v Gallo, 2016 N.Y. Misc.

---

[4] As discussed in Defendants' Motion for Summary Judgment, Calderon is barred from pursuing claims after July 22, 2013.

LEXIS 4642, 2 (N.Y. Sup. Ct. Dec. 13, 2016) citing City of Binghamton v. Whalen, 141 A.D.3d 145 (N.Y. App. Div. 3d Dep't 2016); Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928, 928-29 (1977) (holding that "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary").

In this context, Judge Kaplan has held that the "faithless servant" doctrine operates as a set-off to an employee's claim under the FLSA for the services rendered that are tainted by dishonestly and perhaps more broadly. See Markbreiter v. Feinberg, 2010 U.S. Dist. LEXIS 7549, *4 (S.D.N.Y. Jan. 29, 2010).[5] Forfeiture of all compensation for the full period of disloyalty (i.e. 1988 through the end of Calderon's tenure as superintendant) is required under the "faithless servant doctrine."

Accordingly, the Court must dismiss Calderon's unpaid wage claims in their entirety.

## POINT II
## RES JUDICATA AND COLLATERAL ESTOPPEL BAR CALDERON'S UNPAID WAGE CLAIMS

Res judicata and collateral estoppel bar Calderon from relitigating the NYS jury verdict. As such, the Court must dismiss Calderon's claims for unpaid wages which he has forfeited.

Under New York law, "[t]he term res judicata, which means essentially that the matter in controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 107 (2d Cir. 2015).

---

[5] Any argument Plaintiff may set forth that disgorgement and forfeiture are inapplicable to FLSA and/or NYLL claims (i.e. based on the "supremacy clause" of the constitution or remedial natures of the statutes) is nonsensical. This argument was laid frivolous by the Markbreiter decision which holds that the "faithless servant" doctrine is a defense to unpaid wage claims.

6

### A. The NYS Action Jury Verdict Bars Calderon's Unpaid Wage Claims Pursuant to Res Judicata

Under New York's principles of claim preclusion or res judicata, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. quoting Taylor v. Sturgell, 553 U.S. 880, 892 (2008); see also Giannone v. York Tape & Label, Inc., 548 F.3d 191, 193 (2d Cir. 2008) ("Under New York law, a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'") quoting Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997).

In order to successfully assert a defense of claim preclusion, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000); see also Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 347, 712 N.E.2d 647, 690 N.Y.S.2d 478 (N.Y. 1999) ("Under *res judicata*, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action . . . As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.") (internal quotation marks and citations omitted).

Res judicata bars Calderon's unpaid wage claims in this action. In analyzing this issue "[f]ederal courts must give a state court decision the same preclusive effect that it would receive in state court." Falardo v. N.Y. City Police Dep't, 566 F. Supp. 2d 283, 285 (S.D.N.Y. 2008). Under New York's transactional approach to res judicata, "once a claim is brought to a final

7

conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir. 1996). "Under both New York law and federal law, the doctrine of res judicata, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 195 (2d Cir. 2010) quoting Maharaj, 128 F.3d at 97.

     The jury's verdict on May 26, 2017 bars Calderon's FLSA and NYLL claims under the doctrine of res judicata. All elements of res judicata are present in the instance circumstance. First, there was an adjudication on the merits. The NYS Action resulted in a judgment on the merits of the breach of duty of loyalty and faithless servant" doctrine claims requiring disgorgement of all of Calderon's compensation. Second, there is privity. Calderon was the NYS Action defendant and is a Plaintiff in the instant action. Third, the same claim or issue is present in both actions. The issue of wages and compensation are common in both actions. The NYS Action sought the disgorgement of wages and forfeiture of wage claims. In fact, the presiding judge charged the jury that they were required to determine, *inter alia*, the amount of compensation paid to Calderon during the period of his disloyalty. Similarly, Calderon's FLSA and NYLL claims seeks compensation for unpaid wages. The jury award of nearly $275,000 in compensation (mostly comprised of wages) paid to Calderon from 1988 through 2013 (the period of his disloyalty) puts to rest Calderon's claim for unpaid wages.

     Under the "rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial." Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 535 (5th Cir. 1978)

(internal citations omitted). "The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach." Id. Res judicata precisely bars Calderon's FLSA and NYLL claims since the issue of his entitlement to compensation was decided in the NYS Action. To wit – Calderon's disloyal conduct throughout his employment resulted in forfeiture of any right to compensation. Calderon lost his right to any income from September 1988 through 2013 which covers the period of his FLSA and NYLL claims. The jury verdict and aggregate reasoning outlined by Brooks, Duane Reade, and Kaspar (supra), makes it a legal impossibility for Calderon to claim unpaid wages even though those claims are based on different theories and seek different remedies.

Accordingly, Calderon's FLSA and NYLL claims must be dismissed as barred by the doctrine of res judicata.

### B. Collateral Estoppel Bars Calderon's FLSA and NYLL Claims

Calderon's wage claims are also barred under the doctrine of collateral estoppel.

Issue preclusion or collateral estoppel also bars re-litigation of an issue when "[i] the issues of both proceedings [are] identical, [ii] the relevant issues were actually litigated and decided in the prior proceeding, [iii] there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and [iv] the issues were necessary to support a valid and final judgment on the merits." Schwartz v. HSBC Bank USA, N.A., 2016 U.S. Dist. LEXIS 16175, 2016 WL 552957, at *6 (S.D.N.Y. Feb. 9, 2016) quoting Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995); see also City of New York v. Welsbach Elec. Corp., 9 N.Y.3d 124 (N.Y. 2007) ("This doctrine [of collateral estoppel] applies only 'if the issue in the second action is identical to an issue which was raised,

9

necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action"'") quoting Parker, 93 N.Y.2d at 349.

In this litigation, collateral estoppel equally bars Calderon's unpaid wage claims because it "'"bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding if that party had a full and fair opportunity to litigate the issue in the prior proceeding. . ."'" Thomas v. New York City Dep't of Educ., 2011 U.S. Dist. LEXIS 32801 *58 (E.D.N.Y. Mar. 28, 2011) quoting Monahan, 214 F.3d at 284, n.5 (internal citations omitted).

Collateral estoppel "can bar litigation of claims involving different theories of recovery as long as the issues underlying those claims were the same." W&D Imps., Inc. v. Lia, 563 Fed. Appx. 19, 23 (2d Cir. 2014).

The jury in the NYS Action decided that by improperly demanding and collecting "key money" from tenants, Calderon was a "faithless servant," and forfeited his right to any compensation for his employment as a superintendent. This determination encompasses the exact same issue before the Court (i.e. whether Calderon is entitled to any additional compensation under the FLSA and NYLL). Furthermore, the jury trial constituted a "full and fair opportunity" for litigation of the issue of forfeiture by all parties, the essence of the final judgment on the merits in both actions.

Accordingly, the Court cannot deviate from the NYS Action jury verdict, requiring dismissal of Calderon's FLSA and NYLL unpaid wage claims under the doctrine of collateral estoppel.

## POINT III
## THE JURY VERDICT ESTABLISHES THAT THE NYS ACTION WAS NOT BASELESS

Lastly, Calderon's FLSA and NYLL claims for retaliation must be dismissed. With respect to FLSA cases, courts are tolerant of an employer's filing of compulsory counterclaims and have found that such conduct cannot constitute retaliation unless the counterclaim is totally baseless. See Marchuk v. Faruqi & Faruqi, LLP, 100 F. Supp. 3d 302, 311-312, 2015 U.S. Dist. LEXIS 9806, *14-16 (S.D.N.Y. Jan. 28, 2015) citing Beltran v. Brentwood N. Healthcare Ctr., LLC, 426 F.Supp.2d 827, 833-835 (N.D.Ill.2006) (holding that an employer's counterclaim, if not baseless, cannot support a claim for retaliation); Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 474 (S.D.N.Y. 2008) ("[A] compulsory counterclaim is not actionable for retaliation unless it is totally baseless."); Eng-Hatcher v. Spring Nextel Corp., 2008 U.S. Dist LEXIS 92559 (S.D.N.Y. Oct. 31, 2008) citing Ergo v. International Merchance Servs., Inc., 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007) ("[W]here an employer seeks to amend a pleading to assert a compulsory counterclaim to avoid the risk of being foreclosed from raising the claim in a subsequent action, that conduct cannot constitute retaliation, unless the counterclaim is 'totally baseless.'").

Here, the NYS Action was far from baseless. In fact, it was meritorious and resulted in a jury verdict for Mullarkey LLC. The NYS Action was not filed for any reason other than Calderon's egregious and unlawful conduct which breached his duty of loyalty to Defendants. After a protracted and contentious litigation in the NYS Action, Calderon's motion for summary judgment was ultimately denied – further proof that the claims were not baseless. At trial, the jury rendered a verdict against Calderon finding that he engaged in the alleged unlawful conduct and was therefore a faithless servant from September 1988 through the end of his employment as

a superintendent. The jury's verdict establishes that the NYS Action was not baseless since the jury determined that Calderon must disgorge all wages from 1988 through the end of his employment as superintendent.

Therefore, the NYS Action resulting in a jury verdict in Mullarkey LLC's favor cannot be considered retaliation and requires dismissal of Calderon's 6th and 7th Causes of Action.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court should grant summary judgment of Calderon's Complaint in its entirety including (1) dismissing Plaintiff Erwin Fernando Calderon's ("Calderon") Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") wage claims since he must disgorge all compensation for the period covered by this action; (2) dismissing Calderon's retaliation claims; and (3) granting such other relief as the Court may deem just and proper.

Dated: August 4, 2017   **MILMAN LABUDA LAW GROUP PLLC**

By: /s/ Joseph M. Labuda, Esq.
Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.